GEORGE PASCO *vs.* OSMAN L. SMITH.

The defendant was negotiating with *L* as the agent of the owners for the purchase of a fruit store and business, and informed him that if he purchased he should need a clerk who understood the business. *L* told him of the plaintiff and that he could be hired for $11 a week, and the defendant, having made the purchase, authorized *L* to hire the plaintiff at that price. Nothing was said as to the time for which he was to be hired, but *L* agreed with him for six months. Held that in this he exceeded his authority, and that the defendant, having discharged him at the end of two months, was not liable for a breach of contract.

CIVIL ACTION to recover damages for a breach of contract to hire the plaintiff as a clerk; brought to the Court of Common Pleas in Hartford County and tried to the court before *Bennett, J.* The court found the following facts:—

On the 22d day of September, 1879, the defendant, at the solicitation of E. M. Lay, purchased a fruit store at Hartford, belonging to Perry & Scoville, and was to take possession on the following morning. Lay was acting as the agent of the sellers.

While the negotiation was pending, the defendant informed Lay that if he purchased he should need a man who understood the business to assist him in its management. Lay said he knew of a good man, who could be hired for eleven dollars per week, meaning the plaintiff, but not mentioning him by name.

After the purchase of the store the defendant authorized Lay to hire the plaintiff. His instructions to Lay were to hire him at eleven dollars per week. Nothing was said about hiring for a definite length of time. Lay hired the

plaintiff to work for the defendant from September 23d, 1879, to April 1st, 1880, at eleven dollars per week.

On the morning of the 23d of September the defendant asked Perry & Scoville to release him from his agreement to buy the store. They agreed to do so. The plaintiff and Lay were both present. The defendant then asked Lay how much he should pay the plaintiff, and Lay said two dollars; which sum the defendant handed to the plaintiff, who received it.

The defendant then walked out of the store, and Scoville followed after him. The plaintiff, Lay and Perry remained in the store. In a few minutes the defendant and Scoville returned to the store, and after consultation with Perry the defendant agreed to buy the store for a less sum, which they accepted.

The defendant then said to the plaintiff that he could go to work for him. He began, and continued to work until discharged December 1st, 1879, and was paid at the end of each week $11. At the end of the first week he was paid $9, which, with the $2 paid September 23d, made the agreed sum of $11.

Lay did not, previous to December 1st, inform the defendant that when he hired the plaintiff he had hired him to work till April 1st, 1880, nor did the plaintiff and defendant have any conversation about the contract of hiring previous to his discharge.

When discharged, the plaintiff claimed that he had been hired at $11 per week to April 1st, 1880. The defendant denied his claim, and at all times afterwards refused to employ him.

Upon the foregoing facts the plaintiff claimed, as matter of law, that the defendant, having authorized Lay to hire him, was bound by the contract made by Lay. The court overruled the claim, and rendered judgment for the defendant.

The plaintiff brought the record before this court by a motion in error.

*C. H. Briscoe*, for the plaintiff.

The sole point in this case is, whether Lay, the defen-dant's agent, exceeded his authority in hiring the plaintiff for six months. The defendant, knowing nothing of the fruit business, told Lay that if he bought the store he should need a man to assist him in its management who understood the business. Lay said he knew of a good man who could be hired at $11 per week. The defendant then made the pur-chase, and authorized Lay to hire the plaintiff at $11 per week. Here is a man declining to purchase a fruit store, unless he can hire a *clerk* who understands the business to assist him. He is seeking a *clerk*, not a day laborer. He intends presumably *to carry on the business*, and a business in which he requires the assistance of a clerk acquainted with the business. Under these circumstances, which he gives Lay to understand, he instructs Lay to hire the plaintiff, *fixing nothing*, *limiting nothing*, except the *rate* the clerk is to be hired for.

Now what does such a commission as this mean? It does not involve any abstract principle as to the powers of an agent. The question is, what was the authority intended to be given and therefore in fact given? Can it be anything less than to hire the plaintiff for a reasonable time? Surely if he had hired him for one week only the defendant would have regarded himself as imposed upon, since he would have purchased the store and business and yet have failed to secure what he had told Lay he must have if he purchased, a clerk who could manage the business for him. The management of the business by the clerk necessarily involved his continuing in the business a considerable time. Where a considerable time is thus involved the law calls it a reasonable time. But here even this restriction to a reasonable time is not necessarily involved. The defen-dant, upon a fair construction of the authority given, must be regarded as having left it wholly to the judgment of Lay how long he should employ the plaintiff for. He had confi-dence in his judgment. He authorized him to employ the plaintiff wholly upon his recommendation. The only limi-

tation on the agent was that he was to act honestly, and in the exercise of his real judgment. A fraudulent abuse of his authority would perhaps have invalidated the agreement, but it must have been so plainly a fraud that the person hired would have been put on suspicion. The *actual* authority given was exactly as if it had been in writing, thus:—" *To A. B.:* I want a clerk who understands the fruit business; and if you can secure a good one for me at $11 a week, I authorize you to do so. I do not state any time for which you may engage him, but leave that to your discretion, as you understand my situation, and I have entire confidence in your judgment.—C. D." It is clear that Lay was not to merely bring the plaintiff to the defendant for him to make his own agreement with him, for it is expressly found that Lay was to hire him.

Unless the contrary manifestly appears to be the intent of the principal, the authority given the agent is always construed to include all the necessary means of carrying the purpose of the principal into effect. Story on Agency, §§ 57, 58, 104, 105. If Lay had hired the plaintiff for only one week, with the understanding that he was at liberty then to leave, or to demand higher wages, it would have entirely defeated the defendant's object in getting a clerk.

*A. P. Hyde* and *E. H. Hyde, Jr.*, for the defendant.

CARPENTER, J. The defendant, being about to purchase an established retail fruit business through the agency of one Lay, instructed the latter to hire the plaintiff, who was a stranger to the defendant, to serve him as a clerk for $11 per week, nothing being said as to time. Lay hired the plaintiff for a fixed time—from September 23d, 1879, to April 1st, 1880. The plaintiff served till December 1st, 1879, when the defendant discharged him, paying him in full for the time he served. Up to this time the defendant was not informed that the hiring was for a definite time.

This suit is to recover damages for a breach of the contract. The record finds that the plaintiff claimed that the

defendant was bound by the contract made with Lay. The court overruled this claim and rendered judgment for the defendant.

We cannot assent to the claim made by the plaintiff. Lay was a special agent with specific instructions—to hire a clerk at $11 per week. We cannot construe that as an authority to hire for six months. It is quite as consistent with the contrary claim that it was simply an authority to bring the parties together at the price named, leaving them to agree as to time. Indeed, inasmuch as the parties were strangers to each other, perhaps that is the more reasonable supposition. This claim has the further advantage that it does not enlarge or extend the authority conferred, while the plaintiff's claim is open to that objection.

We think the contract made with Lay in respect to time did not bind the defendant, and that there is no error in the judgment complained of.

In this opinion the other judges concurred.